**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**LYSNEY DEARMAN**                                             **PLAINTIFF**

**V.**                             **CIVIL ACTION NO.** 3:24-cv-782-HTW-LGI

**LAUDERDALE COUNTY, MISSISSIPPI,**
**LAUDERDALE COUNTY SHERIFF'S DEPARTMENT,**
**SHERIFF WARD CALHOUN, DEPUTY TIM MCDONALD**
**and JOHN DOES 1-5,**                                 **DEFENDANTS**

**COMPLAINT**
**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, Lysney Dearman (hereinafter "Plaintiff"), brings this suit against the Defendants; Lauderdale County, Mississippi, Lauderdale County Sheriff's Department, Sheriff Ward Calhoun, and Deputy Tim McDonald and in support thereof states as follows:

**PARTIES**

1. Plaintiff LYSNEY DEARMAN is an adult resident of the United States of America and the State of Mississippi wherein at all times material to this Complaint she resided in Lauderdale County, Mississippi. The infliction of the named actions on Lysney Dearman (hereinafter Dearman) were performed in Lauderdale County, Mississippi.

2. The Defendant, LAUDERDALE COUNTY, MISSISSIPPI, who may be served with process upon the Chancery Clerk.

3.  The Defendant, LAUDERDALE COUNTY SHERIFF'S DEPARTMENT, who may be served with process upon the current Sheriff Ward Calhoun, Circuit Clerk or Chancery Clerk.

4.  The Defendant, SHERIFF WARD CALHOUN, (hereinafter Sheriff Calhoun) is an adult resident of Lauderdale County, Mississippi.  He currently is the Sheriff of Lauderdale County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Lauderdale County, Mississippi including Ms. Dearman while within the county.  This Defendant is sued in his official capacity.  He may be served with lawful process at the Lauderdale County Sheriff's Department, 22nd Avenue South, Meridian, Mississippi 39301.

5.  The Defendant DEPUTY TIM MCDONALD (hereinafter Deputy McDonald) is believed to be an adult resident citizen of Mississippi.  He is sued in his official and individual capacity. At all times material hereto, he was employed by the Lauderdale County Sheriff's Department and supervised by Sheriff Calhoun. He may be served with lawful process at his residence at 9362 West Lauderdale Road, Collinsville, Lauderdale County, Mississippi.

6.  John Doe Defendants 1-5 are persons, corporations, limited liability companies, partnerships, and/or other entities whose identities are currently unknown, and thus are named as fictitious party defendants. The plaintiff will seek leave to amend this complaint and state their true names and capacities when their identities are ascertained. Plaintiff further alleges that the Defendants describes as John Doe Defendants 1-5 were negligent and proximately responsible for the damages alleged in this complaint, together with the

named defendants. When the word "Defendants" is used herein, it is meant to refer to all real and fictitious  Defendants mentioned in the style of this Complaint.

## VENUE AND JURISDICTION

7.  Venue and jurisdiction is proper in this Court as all acts and/or omissions complained of in this

Complaint arose and occurred in Lauderdale County, Mississippi and this Court has original jurisdiction over the subject matter of this action and the amount in controversy exceeds its jurisdictional minimum threshold.  All applicable provisions of the Mississippi Tort Claims Act have been complied with.  (Copy of Mississippi Tort Claims Act Notice Letter attached hereto are Exhibit "A" and incorporated herein for all purposes as if copied in full in words and figures.) This cause of action is brought pursuant to 42 U.S.C. § 1983 and the State claims are pendant to the Federal claim.

## <u>FACTS</u>

8.  On or about June 9, 2023, Lynsey Dearman was asleep in her home in Lauderdale County, Mississippi, after a party that was thrown by her then-boyfriend, Robert Alex Slavik.  At some point in the morning hours, a disturbance was called in.

9.  Lauderdale County Sheriff Deputies Clifford Holloway and Tim McDonald responded to the residence.  After the deputies arrived, Slavik was directed to leave the residence, his father (Bob Slavik) took the children who lived there, and Dearman was left at the residence.

10.  After interviewing and dispersing everyone, the two deputies departed.  However, Tim McDonald in full uniform and while on duty returned to the residence while our client was alone.  He made comments to Dearman regarding how delicate her situation was in

regard to the custody of her children, the likelihood of DHS taking the children from
Dearman based upon his actions and authority, and other such comments.

11. Deputy McDonald then asked if he needed to use a condom.

12. Deputy McDonald then raped Dearman.

## MISSISSIPPI TORT CLAIMS ACT

13. On or about June 7, 2024, a written NOTICE OF CLAIM pursuant to Miss. Code Ann. §
11-46-3 et. seq. was served on Lauderdale County, Mississippi through the Chancery
Clerk, Carolyn Mooney and Sheriff Ward Calhoun, (Please see Exhibit "A") within the
required one-year statute and thereafter complied with in order to preserve all state
claims that apply within the meaning of the act whether in individual or official
capacities. Therefore, the Mississippi Tort Claims Act should additionally be applied to
each and every Count as listed hereafter.

## ACTION FOR DEPRAVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

14. The Plaintiff reincorporates all of the above paragraphs by reference and re-alleges the
information set forth in said paragraphs.  The Plaintiff makes the following allegations in
Count I with respect to all Defendants.

15. At all times material hereto, these Defendants, named and unnamed, and their agents,
representatives, and employees acted pursuant to policies, regulations, and decisions officially
adopted or promulgated by those persons whose acts may fairly be said to represent official
policy of or were pursuant to a governmental custom, usage or practice of these Defendants
and their agents, representatives, and employees.

16. Defendants violated Plaintiff's 2nd, 4th, 5th, 8th, 13th, and 14th Amendment Rights under color of

law and by the misuse of the power entrusted to them as law officers. As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants deprived Ms. Dearman of the aforementioned rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Ms. Dearman has suffered bodily injury, humiliation, degradation, and severe emotional and mental anguish and distress.  Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Ms. Dearman's constitutional rights as outlined herein.

### COUNTS I, II, and III – NEGLIGENCE /MALICE/CONSPIRACY, EXTORTION

17. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in

the foregoing paragraphs.

18. Defendant McDonald, acting individually and in concert did conspire together to deprive Ms. Dearman of her aforementioned Constitutional Rights by advocating and implementing a custom and procedure of threatening a woman with children with having her children taken by the State of Mississippi if she did not submit to his directives. All of these acts were done with malice aforethought, and allowed by the negligent supervision of Lauderdale County and Sheriff Ward Calhoun. Further, these acts were conducted to extort law abiding citizens by threat of arrest and criminal prosecution, without probable cause, while those citizens, specifically, Ms. Dearman, were not engaged in any criminal activity, in violation of the aforementioned Constitutional Rights guaranteed by the United States and Mississippi Constitutions.

## COUNT IV – FAILURE TO ADEQUATELY TRAIN & SUPERVISE POLICE OFFICERS

19. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

## COUNT V - NEGLIGENT HIRING, RETENTION AND FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

20. Lauderdale County, Lauderdale County Sheriff's Office and Sheriff Ward Calhoun were and are

negligent in the hiring, training and supervision of Defendant McDonald and John Does Defendants. These officers clearly acted outside of the bounds of established legal precedent and police procedure. Their mental states should have provided adequate notice to any hiring authority that they were unfit to be law enforcement professionals. Further, after the negligent hiring, they were inadequately trained to meet the minimum standards required to be effective, professional law enforcement officers. Despite this obvious and overt lack of qualifications, the individual officers were retained and improperly supervised resulting in an obvious hazard to the public at large, including, specifically, Ms. Dearman.

21. The County and Sheriff Calhoun were vested with the authority to hire, fire, transfer and

discipline employees of the Lauderdale County Sheriff's Department.

### THE COMMON LAW TORT OF OUTRAGE

22. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the

foregoing paragraphs.

23. The Defendants' overall conduct on the date in question was so outrageous that it shocks the

moral and legal conscious of the community.

### NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTION DISTRESS

24. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the

foregoing paragraphs.

25. The manner, method and design of the Defendants' conduct caused Dearman to endure

Bodily injury, emotional and mental distress and anguish to this present day and in her future.

26. As a direct and proximate consequence of the outrageous conduct of the aforementioned

Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the negligent and intentional infliction of emotional distress and mental anguish inflicted on Dearman and with which she is still living arising from the rape. At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and wellbeing of Dearman. Ms. Dearman is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct perpetrated on her.

### PLAINTIFF'S REQUEST FOR JURY TRIAL

Plaintiff prays a trial by jury on all issues.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

   a.   Permanent emotional injury;

b.  Pain and suffering;

c.  Bodily injury including permanent future impairment;

d.  Medical bills;

e.  Economic damages;

f.  Out of pocket expenses;

g.  Loss of enjoyment of life;

h.  Past, present and future emotional distress and mental anguish;

i.  Court costs;

j.  Pre and post judgment Interest;

k.  Attorney's Fees;

l.  All other damages of every kind to the Plaintiff to which she is entitled by law; and

m.  All damages shown by the evidence introduced in this case, including compensatory damages and punitive damages to deter the Lauderdale County, Mississippi and its officials from exhibiting, conducting and continuing to use such actions as described herein upon persons within the city limits of said municipality.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that at the end of the appropriate legal time, that the following should occur:

I.  The Defendants be served with a copy of this Complaint;

II.  The Defendants be required to file a written answer as called for by the Rules of Civil Procedure;

III.    The Plaintiff be awarded, after a trial by jury, a judgment for actual damages, compensatory and punitive against the Defendants in the amount that the evidence would show and a jury will determine; and

IV.    Any and all other legal and/or equitable relief the evidence would show and a jury will allow.

THIS the 9th day of December, 2024.

By:    LYSNEY DEARMAN

**BY:        /s/Stephen P. Wilson**

STEPHEN P. WILSON

Attorney for Plaintiff

<u>Counsel for the Plaintiff:</u>

STEPHEN P. WILSON (MSB No. 101219)
attorneystephenwilson@gmail.com
P.O. Box 2809
2418 9th Street (39301)
Meridian, MS 39302
601-696-4400
601-696-4455 (fax)

Robert D. Jones (MSB 3236)

2208 8th Street

Meridian, MS 39301